UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SUN LIFE ASSURANCE COMPANY OF
CANADA (U.S.),
    Plaintiff

V.

PETER L. SYGNATOR AND
MARYANNE BRONSON,
    Defendants

CIVIL ACTION NO. 05-30165-MAP

**THE PARTIES' JOINT MOTION TO DEPOSIT PROCEEDS, DISCHARGE SUN LIFE FROM ANY AND ALL LIABILITY TO THE DEFENDANTS AND AWARD SUN LIFE REASONABLE ATTORNEYS FEES AND COSTS**

    The parties, Sun Life Assurance Company of Canada, (U.S.) ("Sun Life"), Peter L. Sygnator and Maryanne Bronson move for an Order permitting Sun Life to deposit the disputed proceeds of the annuity contract to the Clerk of this Court pending the outcome of this matter and discharging Sun Life from all further liability to the defendants.

    As grounds for its motion, the parties state that:

    1.    Sun Life filed a Complaint for Interpleader pursuant to Federal Rules of Civil Procedure 22 and 28 U.S.C. §§1335, 1397 and 2361 to require the defendants to interplead and settle among themselves their rights to the proceeds of seven annuity contracts formally owned by the late Edward T. Sygnator.

    2.    Both of the defendants have answered the Complaint and neither has filed any counterclaims against Sun Life.

    3.    The subject of this litigation is the death benefits of an annuity contract for approximately $50,184.43 as of January 3, 2006.  This amount is owed to one of the defendants

2

as beneficiary. Sun Life has no interest in the money to be deposited with the Court. Sun Life now seeks to deposit these funds into Court until resolution of the litigation and distribution of the funds to one, or all of the defendants as ordered by the Court.

4. The defendants have not alleged any claims against Sun Life in their answers.

5. All parties agree that Sun Life is a disinterested stakeholder and that the Court should discharge it from all further liability to the defendants.

6. All parties further agree that Sun Life should be awarded $3,000 in reasonable attorneys' fees and costs.

WHEREFORE, Sun Life respectfully requests this Court issue an Order in the form attached hereto permitting it to deposit funds in the amount of $50,184.43 less $3,000 in reasonable attorneys' fees and costs with the Court and discharging Sun Life from all further liability to the defendants.

| PETER L. SYGNATOR | SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.) |
|---|---|
| By his attorney, | By their attorneys, |
| /s/ Michael E. Mulcahy (KHA) | /s/ Kristina H. Allaire |
| Michael E. Mulcahy, Esq. | Joan O. Vorster, Esq., BBO #550375 |
| BBO #561824 | Kristina H. Allaire, Esq., BBO #550375 |
| Brooks, Sanborn & Mulcahy, LLP | Mirick, O'Connell, DeMallie & Lougee, LLP |
| 1537 Main Street, #305 | 100 Front Street |
| Springfield, MA 01103 | Worcester, MA 01608-1477 |
| Phone (413) 734-2156 | Phone: (508) 791-8500 |
| Fax: (413) 731-8924 | Fax:    (508) 791-8502 |

MARYANNE BRONSON

By her attorney,

/s/ Daniel J. O'Connell (KHA)
Daniel J. O'Connell, Esq.
BBO #550633
O'Connell & Plumb
1500 Main Street, Ste 2308
P.O. Box 15168
Springfield, MA 01115-5168
Phone: (413) 733-9111
Fax: (413) 733-9888

Dated: January 3, 2006

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Michael Mulcahy, Brooks, Sanborn & Mulcahy, LLP, 1537 Main Street, Springfield, MA 01103; Daniel O'Connell, O'Connell & Plumb, 1500 Main Street, Springfield, MA 01115.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: January 3, 2006

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), <br>     Plaintiff <br><br> V. <br><br> PETER L. SYGNATOR AND MARYANNE BRONSON, <br>     Defendants | CIVIL ACTION NO. 05-30165-MAP |

## **ORDER**

This action, by Summons and complaint, claiming that the defendants be required to interplead together concerning their claims to funds in the hands of Sun Life and described in the complaint and other relief, came to this court on July 12, 2006 and thence to the present time when the parties appeared and were fully heard.

The Court finds that all the allegations of the complaint are true and that the defendants should be required to interplead.

Whereupon, it is adjudged that:

(1)     the defendants are required to interplead together by answers stating their respective claims to the Funds;

(2)     that Sun Life is permitted to retain the sum of $3,000 from the funds for costs and attorney's fees incurred in this action;

(3)     that Sun Life deliver the remainder of the funds to the Clerk of this Court to await the further and final order of this Court; and

{H:\PA\Lit\15928\55024\A0871503.DOC}                              4

(4) upon Sun Life compliance with this Order it is discharged from any and all liabilities to defendants relative to all matters in this litigation.

BY THE COURT

_____
Assistant Clerk